```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JAMIL AMIN BEY | 1:20-cv-15700-NLH-KMW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION & ORDER |
| MANSFIELD TWP. MUNICIPAL COURT and JUDGE DENNIS P. MCINERNEY | |
| Defendants. | |

WHEREAS, Plaintiff Jamil Amin Bey, appearing *pro se*, filed a complaint alleging violations of his federal constitutional rights, among other claims, without submitting the required filing fee or filing applications to proceed in forma pauperis ("IFP"); and

WHEREAS, pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance; and

WHEREAS, under Title 28, section 1915 of the United States Code, however, a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application, 28 U.S.C. § 1915(a)(1); and

WHEREAS, because Plaintiff had failed to pay the filing fee or submit an IFP application, this Court ordered the Clerk of

the Court to administratively terminate this action, without filing the Complaint or assessing a filing fee, on November 10, 2020 (ECF No. 4); and

WHEREAS, Plaintiff was granted leave to apply to re-open within forty-five (45) days by either paying the filing fee or submitting the proper IFP application; and

WHEREAS, on November 18, 2020, Plaintiff submitted an IFP application on the correct form (ECF No. 5); and

WHEREAS, Plaintiff's submitted IFP application nonetheless remained deficient, having responded "$0.00" to every question on the form regarding his income, assets, and monthly expenses and having attached a boilerplate form stating that Plaintiff "does not have, or possess, any gold or silver coins" and then claimed that "Your demand for a 'Financial Statements' is used as an instrument to deny me due process of law and right to free access to the courts;" and

WHEREAS, the Court found that without further explanation as to Plaintiff's assets and monthly expenses, it did not have sufficient information to properly assess Plaintiff's ability to pay the costs associated with this proceeding (ECF 6); and

WHEREAS, Plaintiff's IFP application was therefore denied, and Plaintiff was granted leave to file another, proper and complete IFP application within twenty (20) days (ECF 7); and

2

WHEREAS, on December 2, 2020, Plaintiff filed another IFP application (ECF 8); and

WHEREAS, Plaintiff's new IFP application adds only the statement that "I am unable to pay any fee in lawful money. United Nations Declaration of Human Rights Article 7 'All are equal before the Law and are entitled without any discrimination to equal protection of the Law. Per 12 USC Section 411 states The said notes shall be obligations of the United States and can not be pain USD. This issue must proceed PRO BONO pursuant to Article 1 Section 8 and 10 of the United States Constitution;" and

WHEREAS, the Court finds that this application is again deficient, providing no further information that would allow the Court to determine Plaintiff's ability to pay the costs associated with this proceeding; and

WHEREAS, Plaintiff has now been afforded three separate opportunities to comply with 28 U.S.C. § 1915(a)(1) and the Local Rules of this Court, and has failed to do so despite direct instructions from this Court;

THEREFORE,

IT IS HEREBY on this   4th   day of   December  , 2020

ORDERED that Plaintiff's application to proceed in forma pauperis is DENIED; and it is further

ORDERED that the Clerk shall mark this case as CLOSED; and it is further

ORDERED that the Clerk shall mail a copy of this Order to Plaintiff by regular mail.


At Camden, New Jersey /s Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.